UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT LAMONT ROYSTER,

       Petitioner,                      Case No. 2:17-cv-10101
                                            Hon. George Caram Steeh

   v.

TONY TRIERWEILER,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S (1) MOTION
FOR RECONSIDERATION [Dkts. 10, 18, 21, and 25],
(2) MOTION FOR CERTIFICATE OF APPEALABILITY,
(3) MOTION FOR APPOINTMENT OF COUNSEL,
AND (4) MOTION FOR ORAL ARGUMENT**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. The Court denied the petition, but it granted Petitioner a certificate of appealability with respect to his claim that his right to counsel was denied during a second visit to the crime scene by the trial judge during his bench trial. Before the Court are several post-judgment motions filed by Petitioner. For the reasons stated below the motions will be denied.

Petitioner asserts in his motion for reconsideration that the Court erroneously found his right-to-counsel claim procedurally defaulted

-1-

because Michigan does not have a firmly established procedural rule requiring a contemporaneous objection for such errors. He also asserts that the claim was never addressed by the Michigan Court of Appeals, and so there was no basis for this Court to find that the state courts imposed its procedural default rule.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

First, as a factual matter, the state appellate court imposed the contemporaneous objection rule with respect to Petitioner's claim that he was denied his right to counsel at the second crime scene visit. The state court found:

> Like Edwards, Royster also challenges the trial court's second viewing of the crime scene, with the added wrinkle of an alleged Confrontation Clause violation. This latter claim alleges in essence that the trial court functioned as a witness during its second viewing of the crime scene and should have been subject to cross examination. Royster lodged no objection on

> this novel theory (or on any other ground) below, and so we are looking for outcome determinative error that adversely affected the proceedings or resulted in the conviction of an innocent defendant. *Carines*, 460 Mich. at 774. We see none.

*People v. Royster*, 2015 WL 1069275, at 14.

The state court specifically found with respect to the second visit that Petitioner lodged no objection on *any* ground, and so review was limited to the plain-error standard under *People v. Carines*, 460 Mich. 750 (1999). The Sixth Circuit has held that when the Michigan Court of Appeals limits review to plain error under *Carines*, it is invoking a firmly-established state procedural review independent of federal law, that bars subsequent federal habeas review. See *Allen v. Harry*, 497 F. App'x. 473, 479 (6th Cir. 2012) (citing *Taylor v. McKee*, 649 F.3d 446, 450-51 (6th Cir. 2011) ("Michigan's contemporaneous objection rule is both a well-established and normally enforced procedural rule.")); *Ambrose v. Booker*, 684 F.3d 638, 645 (6th Cir. 2012).

Relying primarily on *Neal v. Wolfenbarger*, 57 F. Supp. 3d 804 (E.D. Mich. 2014) (Tarnow, J.), Petitioner asserts that Michigan's contemporaneous objection rule was not firmly established with respect to right-to-counsel claims. In order to bar subsequent federal habeas review,

-3-

a state procedural rule must have been firmly established at the time of a habeas petitioner's default. See *Ford v. Georgia*, 498 U.S. 411, 424-25 (1991). The relevant inquiry is whether the petitioner could "be deemed to have been apprised of [the procedural requirement's] existence" at the time he violated the rule. *Id.*, at 423.

At the time of Petitioner's 2013 bench trial, Michigan had a clearly established contemporaneous objection rule applicable to all trial errors, including so-called structural errors such as the denial of the right to counsel. Under established Michigan law, unpreserved trial errors are reviewed under the plain-error standard regardless of whether the error is a violation of a court rule or a structural constitutional error. *People v. Vaughn*, 491 Mich. 642, 665-667 (2012) (cited by *People v. Cain*, 498 Mich. 108, 117 n. 4 (2015)). The only difference with structural errors is that the plain-error standard is modified so that no showing of actual prejudice is required. *People v. Shafier*, 483 Mich. 205, 220 n. 15, (2009). Indeed, the Sixth Circuit applied Michigan's contemporaneous objection rule to bar habeas review of other structural errors. See, e.g., *Johnson v. Sherry*, 586 F.3d 439, 444-445 (6th Cir. Mich. 2009) (finding Petitioner's failure to object

to closure of courtroom resulted in procedural default). Petitioner was apprised at the time of his trial of the requirement to preserve any alleged errors by raising them in the trial court, and thereby affording the trial court an opportunity to correct any errors.[1]

Petitioner's reliance on *Hunt v. Mitchell*, 261 F.3d 575 (6th Cir. 2001), as standing for the proposition that right-to-counsel claims categorically cannot be subject to the procedural default doctrine, is incorrect. The state court in that case did not purport to rely on a procedural rule to reject the petitioner's claim. Rather, in ruling on the merits of the claim the state courts mentioned that neither the petitioner nor his counsel complained to the trial court that they were unprepared for trial. See *State v. Hunt*, No. 69658, 1996 WL 502151, at *3 (Ohio Ct. App. Sept. 5, 1996). *Hunt* says nothing about whether a right to counsel claim can be procedurally defaulted. The Court therefore did not err in finding that Petitioner procedurally defaulted his right-to-counsel claim.

---

[1]There may be an exception, not applicable here, for a complete denial of the right to counsel. In such cases, a defendant proceeding pro se at trial could have his right to counsel "nullified by a determination that [his] ignorant failure to claim his rights removes the protection of the Constitution." *Vaughn*, 491 Mich. at 656-657. Here, Petitioner was represented by counsel at trial who was present and remained silent when the trial court informed the parties of his second visit to the crime scene.

Next, the Court denies Petitioner's motion for a certificate of appealability. For the reasons previously stated in the Court's opinion and order denying the petition, Petitioner's other claims are without merit or barred from review, and they fail to meet the standard for obtaining a certificate of appealability.

Petitioner has also filed a pro se motion for the appointment of counsel, asserting that he is no longer represented by counsel and seeks appointment of an attorney to represent him in the Sixth Circuit. The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). After he filed the motion for appointment of counsel, Petitioner's counsel filed the motion for reconsideration and other pleadings with the Court.

Finally, the Court denies Petitioner's motion for oral argument as moot.

Accordingly, the Court (1) **DENIES** Petitioner's motion for

reconsideration [Dkts. 10, 18, 21, and 25], (2) **DENIES** Petitioner's motion for certificate of appealability, (3) **DENIES** Petitioner's motion for appointment of counsel, and (4) **DENIES** Petitioner's motion for oral argument.

**SO ORDERED.**

Dated: March 12, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 12, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk